UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NORTHEAST BUILDERS SUPPLY & | : | |
| HOME CENTERS, LLC, | : | |
|    Plaintiff, | : | |
| | : | |
| v. | : | 3:15-cv-00549-WWE |
| | : | |
| MEMBER INSURANCE AGENCY, INC, | : | |
| and PENNSYLVANIA LUMBERMENS | : | |
| INSURANCE COMPANY, | : | |
|    Defendants. | : | |

## **MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS**

This is an action by plaintiff Northeast Builders Supply & Home Centers LLC ("Northeast") alleging that defendants provided insurance policies that were inadequate to cover losses from a fire that destroyed Northeast's buildings. Defendant Pennsylvania Lumbermens Mutual Insurance Company ("Lumbermens") has moved to dismiss Count V (negligence), Count VI (misrepresentation), Count VII (fiduciary duty), and Count X (unfair trade practice), arguing that Lumbermens had no duty to correct deficiencies in plaintiff's insurance coverage and that there is no basis for any claim of direct liability against it.

Lumbermens argues that it had no duty to check the adequacy of the coverages it was requested to provide and no right to correct those coverages to provide something other than what was requested. Lumbermens acknowledges that a client's insurance *agent* may owe the client a duty with respect to the nature of the insurance procured, but contends that no cases have held that an *insurer* has a duty to independently evaluate the types and levels of insurance requested. Lumbermens argues that it had no duty to protect Northeast from the possibility that it might suffer an insurance loss greater than the insurance it wanted to procure. Finally, Lumbermens contends that Count VI fails to allege any misrepresentations; that Count VII fails

to allege the existence of a fiduciary relationship; and that Count X fails to allege how Lumbermens breached the Connecticut Unfair Trade Practices Act.

Northeast responds that Lumbermens knew or should have known that the coverages provided to Northeast under the policy were inconsistent with Northeast's prior coverages and were otherwise inadequate, but Lumbermens failed to correct the deficiencies in the coverages provided. Northeast contends that Lumbermens was in the position of a fiduciary. Lumbermens submits that that it "had no duty to protect Northeast from the possibility that it might suffer an insurance loss greater than the insurance it wanted to procure."

"It is well settled that a fiduciary or confidential relationship is characterized by a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise and is under a duty to represent the interests of the other." Macomber v. Travelers Property and Cas. Corp., 261 Conn. 620, 640 (2002). Under circumstances similar to the instant case, the Superior Court of Connecticut declined to rule out the existence of such a special relationship:

> It will remain for the plaintiff to prove the nature of this "special relationship" in order to meet the requirements of the finding of a fiduciary relationship. Thus, this Court refuses to adopt a standard wherein all actions between an insured and insurer based upon breach of fiduciary duty in the performance and administration of an insurance contract are not allowed in Connecticut.

Twin Summer Condominium Ass'n, Inc. v. Travelers Indem. Co., 2009 WL 1143079, at *3 (Conn. Super. Ct. Apr. 3, 2009). Accordingly, it will remain for Northeast to prove the nature of its relationship with Lumbermens. The issue of direct liability may be revisited after the close of discovery. Lumbermen's motion to dismiss will be denied.

## CONCLUSION

For the foregoing reasons, Lumbermens' motion to dismiss [ECF No. 57] is DENIED.

Dated this 22nd day of August, 2017, at Bridgeport, Connecticut.

    /s/Warren W. Eginton
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE